# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEILA RANSOM,<br><br>          Plaintiff,<br><br>v.<br><br>STERICYCLE, INC.,<br><br>          Defendant. | CIVIL ACTION NO.  2:21-cv-191<br><br>(Removed from the Court of Common Pleas of Allegheny County, Pennsylvania; Nos GD 19-014584; GD 20-001361.<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF COURT:**

**NOTICE IS HEREBY GIVEN** that, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant, Stericycle, Inc. ("Stericycle"), through undersigned counsel, hereby removes this action from the Court of Common Pleas of Allegheny County, Pennsylvania, where it is currently pending, to the United States District Court for the Western District of Pennsylvania.  In support of this Notice of Removal, Stericycle states:

## BACKGROUND

1. On October 16, 2019, Plaintiff Sheila Ransom ("Ms. Ransom") filed a Praecipe for Writ of Summons in the Court of Common Pleas of Allegheny County, Pennsylvania ("State Court"). No. GD 19-014584. On October 31, 2019, Ms. Ransom served Stericycle with the Praecipe for Writ of Summons.

2. On January 27, 2020, Ms. Ransom filed a second Praecipe for Writ of Summons in State Court and served it on Stericycle on January 31, 2020. No. 20-001361.

3. On December 23, 2020, Stericycle filed a Praecipe for Rule to File Complaint in the case docketed No. GD 20-001361.

4. On January 11, 2021, Ms. Ransom filed one consolidated Complaint in State Court under docket number GD 20-001361 but referencing both docket numbers in the caption (Nos. GD 19-014584; GD 20-001361). Copies of all process, pleadings, and orders in Docket Nos. 19-014584 and 20-001361 are attached as **Exhibit A**. Neither party has filed any other pleadings or documents in the action.

5. Plaintiff's sixteen-count Complaint alleges Stericycle discriminated and retaliated against her in violation of Title VII of the Civil Rights ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 955(a) *et seq*. *See* **Ex. A**, Complaint. Stericycle denies Ms. Ransom's claims and denies any and all liability for Ms. Ransom's alleged damages.

6. Ms. Ransom's Complaint alleges she is a resident of the Commonwealth of Pennsylvania and, on information and belief, she is a citizen of the Commonwealth of Pennsylvania. **Ex. A**, Complaint at ¶ 2.

7. Stericycle is a corporation organized under the laws of the State of Delaware and its principal place of business is located in Illinois. **Ex. A**, Complaint at ¶ 3.

## GROUNDS FOR REMOVAL

8. A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441.

9. This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because the action arises under the federal law, specifically, Title VII. *See* **Ex. A**, Complaint. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they are based on the same operative facts as Ms. Ransom's federal claims.

10. Alternatively, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between Ms. Ransom and Stericycle; and (2) the amount in controversy, based on the allegations of the Complaint, exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

   a. On information and belief, Ms. Ransom is a citizen of the Commonwealth of Pennsylvania.

   b. At the time Ms. Ransom filed this action in State Court, Stericycle was (and still is) a Delaware corporation with a principal place of business in Illinois. Thus, Stericycle is a citizen of Delaware and Illinois and not Pennsylvania.[1] **Ex. A**, Complaint at ¶ 3.

   c. Because Ms. Ransom and Stericycle are citizens of different states, there is complete diversity of citizenship under 28 U.S.C. § 1332(a).

   d. Although Ms. Ransom's Complaint does not allege an amount of damages, she seeks, among other things, compensatory damages, front pay, punitive damages, and attorneys' fees. At the end of her employment with Stericycle, Ms. Ransom's annual earnings were approximately $45,000. Given the length of time since Stericycle's allegedly unlawful conduct, if Ms. Ransom is entitled to damages–which she is not–the amount in controversy exceeds the requisite jurisdictional amount. Even just two years of back pay at Ms. Ransom's annual earnings at the end of her employment is greater than $75,000. *See e.g.*, *Bajrami v. Reliance Standard Life Ins. Co.*, 334 F. Supp. 3d 659, 665 n.43 (E.D. Pa.

---

[1] "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332(c).

2018) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.") (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)); *see Rodriguez v. Burlington Cnty. Corr. Dep't*, No. 14-04154, 2015 WL 790521 at *6 (D.N.J. Feb. 25, 2015) (finding amount in controversy exceeded $75,000 where plaintiff sought compensatory damages, front and back-pay, punitive damages, and attorneys' fees).

11. Removal is timely. Stericycle received electronic notice of Ms. Ransom's Complaint on January 11, 2021. Pursuant to 28 U.S.C. § 1446(b)(1), therefore, Stericycle has removed this action within 30 days of being served with process.

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a). Ms. Ransom filed this action in the Court of Common Pleas of Allegheny County. Venue therefore properly lies in the United States District Court for the Western District of Pennsylvania, the district embracing Allegheny County.

13. In accordance with 28 U.S.C. § 1446(d), Stericycle will promptly provide written notice of the filing of this Notice of Removal to Ms. Ransom and shall file a copy of this Notice along with a Notice of Filing of Notice of Removal with the Court of Common Pleas of Allegheny County, where this action is currently pending. A copy of the Notice that will be filed in state court is attached (without exhibits) as **Ex. B**.

**WHEREFORE**, Defendant Stericycle hereby removes the action pending in the Court of Common Pleas of Allegheny County to this, the United States District Court for the Western District of Pennsylvania.

Dated:  February 9, 2021                                          **GREENBERG TRAURIG, LLP**

 /s/ James N. Boudreau
James N. Boudreau
Adam R. Roseman (*pro hac vice forthcoming*)
Osazenoriuwa Ebose (*pro hac vice forthcoming*)
1717 Arch Street, Suite 400
Philadelphia, PA  19103
Tel: 215.988.7833
Fax: 215.988.7801
boudreauj@gtlaw.com
rosemana@gtlaw.com
eboseo@gtlaw.com

*Attorneys for Defendant Stericycle*

## CERTIFICATE OF SERVICE

I, James N. Boudreau, hereby certify that on February 9, 2021, I caused a true and correct copy of the foregoing Notice of Removal to be served by way of U.S. Mail and electronic mail upon the following counsel of record:

Emily E. Town
Rothman Gordon, P.C.
310 Grant Street
3rd Floor, Grant Building
Pittsburgh, PA 15219
(412) 338-1100

*Attorney for Plaintiff*

/s/ *James N. Boudreau*
James N. Boudreau