# EXHIBIT "A"

Home > Search > Case Search

🔍 Zoom-In   🔍 Zoom-Out   ↻

## Case Details - GD-19-014584

**Ransom vs Stericycle Inc.**

Filing Date:
**10/16/2019**
Filing Time:
**08:33:00**
Related Cases:
Consolidated Cases:
Judge:
**No Judge**
Amount In Dispute:
**$ 0**
Case Type:
**Employment Discrimination**
Court Type:
**General Docket**
Current Status:
**Praecipe to Withdraw Appearance**
Jury Requested:
**No**

### ➖ Parties Count : 3

**--Litigants--**    [Search]   ⊡  ▤  ▦▾

| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|-------|-------|----|------|---------|---------------------------|----------|
| Ransom | Shelia | | Plaintiff | | -- | -- |
| Stericycle Inc. | | | Defendant | | -- | -- |

Showing 1 to 2 of 2 rows

**--Attorney--**    [Search]   ⊡  ▤  ▦▾

| LName | FName | MI | Type | Address | Phone |
|-------|-------|----|------|---------|-------|
| Town | Emily | E | Plaintiff's Attorney | ROTHMAN GORDON P.C. 310 Grant Street, Floor 3 Pittsburgh PA 15219 | 4123381168 |

Showing 1 to 1 of 1 rows

**--Non Litigants--**    [Search]   ⊡  ▤  ▦▾

No matching records found

### ➖ Docket Entries Count : 5

[Search]   ⊡  ▤

| Filing Date | Docket Type | Docket Text | Filing Party | Redacted Document |
|-------------|-------------|-------------|--------------|-------------------|
| 1/15/2021 | Praecipe to Withdraw Appearance | Of John E. Black III, Esq. | Shelia Ransom | 📄 Document 5 |
| 1/12/2021 | Complaint | | Emily Town E | 📄 Document 4 |
| 1/11/2021 | Praecipe for Appearance | Filed on behalf of Plaintiff | Emily Town E | 📄 Document 3 |
| 10/31/2019 | Sheriff Return | Stericycle Inc. was served with Writ of Summons on 10/31/2019 by Served - Manager / other person authorized to accept deliveries of United States Mail. James Fulton | | Sheriff Return |



| Filing Date | Docket Type | Docket Text | Filing Party | Redacted Document |
|---|---|---|---|---|
| 10/16/2019 | Praecipe for Writ of Summons | Returnable date on 11/15/2019 | Shelia Ransom | 📄 Document 1 |

Showing 1 to 5 of 5 rows

**━ Event Schedule Count : 0**   Search  

No matching records found

**━ Services Count : 1Complete Service History**   Search  

| Desc | Name | Service Address | Person Served | Served By | Service Date | Service Time | Status |
|---|---|---|---|---|---|---|---|
| Writ of Summons | Stericycle Inc. | 380 Locust Street Mckeesport, PA 15132 City Of Mckeesport | Stericycle Inc. | CITLE | 10/31/2019 | 1205 | Served - Manager / other person authorized to accept deliveries of United States Mail |

Showing 1 to 1 of 1 rows

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

SHELIA RANSOM,

                Plaintiff,

   v.

STERICYCLE, INC.,

         Defendant .

Civil Action

No.  GD-19-14584

PRAECIPE FOR WRIT OF SUMMONS

Code: 009

Filed on behalf of Plaintiff,
Shelia Ransom

Counsel of Record for this Party:

John E. Black, III

Pa. I. D. No. 83727 (Black)

Rothman Gordon, P.C.
310 Grant Street
Third Floor, Grant Building
Pittsburgh, PA 15219
(412) 338-1100

19 OCT 16 AM 10:06

DEPT. OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA.

OPS$KELLY1
16 October 2019
10:24:9
GD-19-014584

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

SHELIA RANSOM,                              Civil Action

          Plaintiff,                 No.

   v.


STERICYCLE, INC.,

        Defendant.


## <u>PRAECIPE FOR WRIT OF SUMMONS</u>


TO THE PROTHONOTARY:

    Kindly issue a Writ of Summons upon the Defendant in the above-captioned matter.


               Respectfully submitted,

               **Rothman Gordon, P.C.**


               John E. Black, III
               Pa. I.D. No. 83727

               310 Grant Street
               Third Floor, Grant Building
               Pittsburgh, PA 15219
               (412) 338-1100

4829-3862-2633, v. 1

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: <u>John E. Black, III</u>

Signature: _____

Name: John E. Black, III

Attorney No.: <u>#83727</u>

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
ALLEGHENY _____ County

| For Prothonotary Use Only: |
|---|
| Docket No: |
| GD-19-14584 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☐ Complaint
- ☒ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

| Lead Plaintiff's Name: SHELIA RANSOM | Lead Defendant's Name: STERICYCLE, INC. |
|---|---|

| Are money damages requested? ☒ Yes ☐ No | Dollar Amount Requested: (check one) | ☐ within arbitration limits ☒ outside arbitration limits |
|---|---|---|

| Is this a *Class Action Suit*? ☐ Yes ☒ No | Is this an *MDJ Appeal*? ☐ Yes ☒ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: __JOHN E. BLACK, III__

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other _____
- ☒ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*

# Sheriff Return

|   |   |
|---|---|
| **Case No:** | *GD-19-014584* |
| **Casie Description:** | |
| **Defendant:** | *Stericycle Inc.* |
| **Service Address:** | *380 Locust Street Mckeesport, PA 15132 Allegheny* |
| **Writ Description:** | *Writ of Summons* |
| **Issue Date:** | *10/16/2019 10:21 AM* |
| **Service Status:** | *Served - Manager / other person authorized to accept deliveries of United States Mail* |
| **Served Upon:** | *Stericycle Inc.* |
| **Served By:** | *CITLE* |
| **Served On:** | *10/31/2019 12:05 PM* |
| **Service Method:** | *Person In Charge* |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

SHELIA RANSOM,

      Plaintiff,

    v.

STERICYCLE, INC.,

      Defendant.

Civil Division

No. GD 19-014584
No. GD 20-001361

**CIVIL COMPLAINT**

Code: 009

Filed on behalf of Plaintiff,
Shelia Ransom

Counsel of Record for this Party:

Emily E. Town,
Pa. I.D. No. 309881
Rothman Gordon, P.C.
310 Grant Street
3rd Floor, Grant Building
Pittsburgh, PA 15219
(412) 338-1100

Attorney for Plaintiff

JURY TRIAL DEMANDED

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

SHELIA RANSOM,

        Plaintiff,

   v.

STERICYCLE, INC.,

        Defendant.

Civil Division

No. GD 19-014584
No. GD 20-001361

<u>**NOTICE TO DEFEND**</u>

     You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney, and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

     YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555

No. GD 19-014584
No. GD 20-001361

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

SHELIA RANSOM,                                          Civil Division

        Plaintiff,                               No. GD 19-014584
                                                       No. GD 20-001361

    v.

STERICYCLE, INC.,

        Defendant.

### CIVIL COMPLAINT

Plaintiff, Shelia Ransom, by undersigned counsel, files this Complaint in identical form at the docket numbers listed—intending to move for the consolidation of these matters pursuant to Pa. R. Civ. P. 213 as they involve identical parties and a common core of operative facts and events, and in support states the following:

### I. Jurisdiction

1.    Plaintiff has satisfied all procedural and administrative requirements set forth in Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §955(a) *et seq.* because:

    a.    On September 6, 2012, she timely filed a Charge of Discrimination with the EEOC, at Charge No. 533-2012-01254 (the "2012 Charge"), alleging sex discrimination and retaliation, which was dual-filed with the Pennsylvania Human Relations Commission; and

    b.    On August 31, 2015, she timely filed a Charge of Discrimination with the EEOC, at Charge No. 533-2015-01202 (the "2015 Charge"), alleging sex discrimination and retaliation, which was

3

No. GD 19-014584
No. GD 20-001361

dual-filed with the Pennsylvania Human Relations Commission; and

c.      On July 19, 2019, the EEOC issued a Notice of Right to Sue for the 2012 Charge;

d.      A Praecipe for Writ of Summons was filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue;

e.      On November 1, 2019, the EEOC issued a Notice of Right to Sue for the 2015 Charge;

f.      A Praecipe for Writ of Summons was filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue;

g.      On December 23, 2020, Defendant filed Praecipe for Rule to File a Complaint at No. GD 20-001361;

h.      It has been more than one year since Ransom dual-filed her Charges with the Pennsylvania Human Relations Commission.

## II. The Parties

2.      Plaintiff, Sheila Ransom[1] ("Ransom" or "Plaintiff") is an adult female who resides at 1806 Tyburn Lane, Pittsburgh, PA 15241.

3.      Defendant, Stericyle, Inc., ("Stericyle") is a waste processing company located at 28161 N. Keith Drive, Lake Forrest, IL 60045 with a place of business located at 380 Locust Street, McKeesport, PA 15132.

4.      At all times relevant hereto, Defendant employed 15 or more individuals.

5.      As such, Defendant is an employer within the meaning of Title VII, 42 U.S.C. §2000e(b). Defendant is also an employer under the Pennsylvania Human Relations Act.

---

[1] Plaintiff's name was misspelled "Shelia" Ransom in the filing of her Praecipe for Writ of Summons at both dockets, and Plaintiff's Counsel will correct the caption accordingly.

4

No. GD 19-014584
No. GD 20-001361

### III. Factual Background.

6.     Ms. Sheila Ransom was hired by Defendant Stericycle on February 15, 1999—when Defendant acquired Medical Express, a medical waste transportation business started by Ms. Ransom's grandfather and owned by her family until its purchase by Stericycle.

7.     Ms. Ransom had grown up in the business and was well-acquainted with all aspects of its operations.

8.     Stericycle first employed Ms. Ransom as a dispatcher, then promoted her to acting Transportation Supervisor and eventually to Transportation Manager.

9.     Around August 2011, Defendant employed Ms. Ransom in an undefined "facility manager" role after the size of the workforce reporting to her doubled and her management duties increased to include a waste processing facility.

10.     Patrick Ruane, Ms. Ransom's manager, told her that her increase in duties and management responsibilities would be recognized with a new title and increased compensation—but those two things never materialized before she was fired.

11.     In December 2011, Stericycle hired Paul LaChance as Plant Supervisor.

12.     When processing LaChance's new-hire paperwork, Ms. Ransom learned that he had been hired at a salary nearly identical to her own—despite his lack of experience and her presumably higher, but undefined, management position.

13.     Ms. Ransom complained to Ruane about her salary relative to LaChance's, given their respective roles, but Ruane brushed the complaint aside telling Ms. Ransom she should try not to think about it and stating that new-hires were being hired at higher rates of pay.

14.     On or around March 30, 2012, Ruane told Ms. Ransom that her position was being eliminated and that the position would be replaced with a Transportation Supervisor.

15.     Although expressing displeasure about an effective "demotion," Ms. Ransom told Ruane that she needed her job and expressed willingness to fill the Transportation Supervisor position.

16.     Ruane volunteered, however, that he had already discussed the Transportation Supervisor position with Human Resources and had raised this issue of Ms. Ransom not being physically capable of performing "ride-alongs" that he said would be part of the job requirements.

17.     Ms. Ransom had previously reported to Ruane that she suffered from a medical condition that resulted in pain and excessive menstrual bleeding that made it difficult for her to complete ride-alongs during her menstruation for about one week each month.

18.     Ruane had never indicated to Ms. Ransom that the one-week accommodation she required for her medical condition was problematic—instead he offered to assist with ride-alongs himself or have another employee complete them when Ms. Ransom was unable.

19.     When Ruane brought up the issue of Ms. Ransom's menstrual bleeding in the March 30, 2012 meeting, she informed him that she had surgery scheduled within the next month to address—and potentially resolve—the problem.

20.     Oddly, during the March 30, 2012 meeting, Ruane remarked that he felt he had "failed" Ms. Ransom the same way he had "failed" Marcy Reebel, a Transportation Supervisor in the company's Warren, Ohio facility he had fired the previous year.

No. GD 19-014584
No. GD 20-001361

21.     Ruane tried to dissuade Ms. Ransom from staying on in the new Transportation Supervisor position, telling her "things are going to get worse not better," and instead discussing the severance benefits the company would provide to her.

22.     The following Monday, April 2, 2012, Ruane sent Ms. Ransom a letter asking her to confirm that she was not interested in the Transportation Supervisor position—even though she had told him that she needed to work and was not declining that position during their March 30, 2012 meeting.

23.     Although Ms. Ransom never provided the confirmation Ruane sought, she was relieved of her duties and sent home with a severance package offer three days later, on April 5, 2012.

24.     Stericycle then advertised the Transportation Supervisor position.

25.     On April 16, 2012, Ms. Ransom contacted Ruane to confirm that she would accept the Transportation Supervisor position.

26.     Ruane replied that she was not being offered the position, but that she could apply for it and complete an interview—so Ms. Ransom applied and was interviewed on April 19, 2012.

27.     On April 26, 2012, Ms. Ransom was told that Stericycle had selected a "more qualified" candidate for the position—James Fulton.

28.     Ms. Ransom's last date of employment with Stericycle was May 4, 2012.

29.     On or about September 6, 2012, Plaintiff filed the 2012 Charge based on her removal from the Transportation Manager positions and Defendant's failure to hire her for the

7

No. GD 19-014584
No. GD 20-001361

Transportation Supervisor position at Defendant's McKeesport, PA facility, events which happened in or around April, 2012.

30.     Through the course of the EEOC Investigation of the 2012 Charge, Defendant asserted that Ms. Ransom's lack of a commercial driver's license (CDL) was one of the reasons she was not selected for the Transportation Supervisor position.

31.     However, the EEOC Investigation also revealed that Defendant does not utilize trucks requiring a CDL license at the McKeesport facility where Ms. Ransom worked and where the new position was located.

32.     On February 10, 2015, the EEOC held a Fact Finding Conference regarding the 2012 Charge.

33.     Patrick Ruane, Plaintiff's former manager, was among Defendant's witnesses at the Fact Finding Conference.

34.     On March 5, 2015, Plaintiff applied online for two positions newly-advertised by Defendant and located at Defendant's facility located in McKeesport, Pennsylvania, Sharp Service Supervisor and Transportation Supervisor.

35.     Plaintiff received an acknowledgment dated March 5, 2015 from Defendant thanking her for her interest in the company, indicating that her skills and qualifications were under review and informing her that a human resources representative would contact her if further information was required.

36.     Plaintiff received no further communication from Defendant regarding her applications.

8

No. GD 19-014584
No. GD 20-001361

37.     Defendant hired two men to fill the Transportation Supervisor and Sharp Service Supervisor positions.

38.     With her long history in the business that was grown by her family, Ms. Ransom was qualified for both positions.

39.     Ms. Ransom was fired by Defendant because of her sex, female, and because she had complained of a gender-based pay discrepancy.

40.     Ms. Ransom was not hired for the Transportation Supervisor position in April 2012 because of her gender and because she had refused to accept a severance package releasing her claims of discrimination against Defendant.

41.     Ms. Ransom was not hired—or even considered—for the Transportation Supervisor or Sharp Service Supervisor positions in March 2015 because of her gender and because she had filed an EEOC Charge against Defendant.

**Count I**
**Defendant's Violations of Title VII of the Civil Rights Act**
*Termination in May 2012 Because of Sex*

42.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 41 as if fully restated herein.

43.     Defendant fired Ransom because of her sex, female, and therefore violated Title VII, 42 U.S.C. § 2000e-2(a)(1).

44.     Defendant's actions against Ransom were undertaken with reckless indifference to her federally protected rights under Title VII.

No. GD 19-014584
No. GD 20-001361

45.     As a direct result of Defendant's violation of Title VII, Ransom suffered out of pocket costs and emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a.      That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act;

b.      That the Court order Defendant to instate Plaintiff into the position she would have occupied but for Defendant's illegal actions, with all benefits including, but not limited to wages, benefits, training and seniority;

c.      That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of her, with interest until the date she is offered employment into a position substantially equivalent to the Transportation Supervisor;

d.      That Defendant be required to provide Plaintiff with front pay;

e.      That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

f.      That Defendant be ordered to pay Plaintiff punitive damages in an amount sufficient to punish Defendant's illegal conduct and to deter others from engaging in similar conduct.

g.      That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

h.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and reasonable attorney fees; and

i.      That the Court grant Ransom any additional relief as may be just and proper.

No. GD 19-014584
No. GD 20-001361

### Count II
### Defendant's Violations of Title VII of the Civil Rights Act
### *Failure to Hire for Transportation Supervisor Position in April 2012*

46.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 45 as if fully restated herein.

47.     Defendant failed to hire Ransom in or around April 2012 because of her sex, female, and therefore violated Title VII, 42 U.S.C. § 2000e-2(a)(1).

48.     Defendant's actions against Ransom were undertaken with reckless indifference to her federally protected rights under Title VII.

49.     As a direct result of Defendant's violation of Title VII, Ransom suffered out of pocket costs and emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a.     That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act;

b.     That the Court order Defendant to instate Plaintiff into the position she would have occupied but for Defendant's illegal actions, with all benefits including, but not limited to wages, benefits, training and seniority;

c.     That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of her, with interest until the date she is offered employment into a position substantially equivalent to the Transportation Supervisor;

d.     That Defendant be required to provide Plaintiff with front pay;

e.     That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

f.     That Defendant be ordered to pay Plaintiff punitive damages in an amount sufficient to punish Defendant's illegal conduct and to deter others from engaging in similar conduct.

11

No. GD 19-014584
No. GD 20-001361

g.   That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

h.   That Plaintiff be awarded against Defendant the costs and expenses of this litigation and reasonable attorney fees; and

i.   That the Court grant Ransom any additional relief as may be just and proper.

### Count III
### Defendant's Violations of Title VII of the Civil Rights Act
### *Retaliation for Complaining of Pay Discrimination*

50.   Plaintiff incorporates by reference the allegations in paragraphs 1 through 49 as if fully restated herein.

51.   Defendant took adverse action against her because she had complained of gender-based pay discrimination and, therefore, violated Title VII, 42 U.S.C. § 2000e-2(a)(1).

52.   Defendant's actions against Ransom were undertaken with reckless indifference to her federally protected rights under Title VII.

53.   As a direct result of Defendant's violation of Title VII, Ransom suffered out of pocket costs and emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a.   That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act;

b.   That the Court order Defendant to instate Plaintiff into the position she would have occupied but for Defendant's illegal actions, with all benefits including, but not limited to wages, benefits, training and seniority;

c.   That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal

12

No. GD 19-014584
No. GD 20-001361

treatment of her, with interest until the date she is offered employment into a position substantially equivalent to the Transportation Supervisor;

d.     That Defendant be required to provide Plaintiff with front pay;

e.     That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

f.     That Defendant be ordered to pay Plaintiff punitive damages in an amount sufficient to punish Defendant's illegal conduct and to deter others from engaging in similar conduct.

g.     That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

h.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation and reasonable attorney fees; and

i.     That the Court grant Ransom any additional relief as may be just and proper.

**Count IV**
**Defendant's Violations of Title VII of the Civil Rights Act**
*Retaliation for Refusal to Release Claims*

54.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 53 as if fully restated herein.

55.     Defendant retaliated against Ransom by failing to hire her for the Transportation Supervisor position in or around April 2012 because she refused to release and waive claims against it and therefore violated Title VII, 42 U.S.C. § 2000e-2(a)(1).

56.     Defendant's actions against Ransom were undertaken with reckless indifference to her federally protected rights under Title VII.

No. GD 19-014584
No. GD 20-001361

57.     As a direct result of Defendant's violation of Title VII, Ransom suffered out of pocket costs and emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a.     That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act;

b.     That the Court order Defendant to instate Plaintiff into the position she would have occupied but for Defendant's illegal actions, with all benefits including, but not limited to wages, benefits, training and seniority;

c.     That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of her, with interest until the date she is offered employment into a position substantially equivalent to the Transportation Supervisor;

d.     That Defendant be required to provide Plaintiff with front pay;

e.     That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

f.     That Defendant be ordered to pay Plaintiff punitive damages in an amount sufficient to punish Defendant's illegal conduct and to deter others from engaging in similar conduct.

g.     That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

h.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation and reasonable attorney fees; and

i.     That the Court grant Ransom any additional relief as may be just and proper.

No. GD 19-014584
No. GD 20-001361

**Count V**
**Defendant's Violations of Title VII of the Civil Rights Act**
*Failure to Hire for Transportation Supervisor Position in 2015*

58.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 57 as if fully restated herein.

59.     Defendant failed to hire Ransom for the Transportation Supervisor Position in or around March 2015 because of her sex, female, and therefore violated Title VII, 42 U.S.C. § 2000e-2(a)(1).

60.     Defendant's actions against Ransom were undertaken with reckless indifference to her federally protected rights under Title VII.

61.     As a direct result of Defendant's violation of Title VII, Ransom suffered out of pocket costs and emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

    a.      That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act;

    b.      That the Court order Defendant to instate Plaintiff into the position she would have occupied but for Defendant's illegal actions, with all benefits including, but not limited to wages, benefits, training and seniority;

    c.      That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of her, with interest until the date she is offered employment into a position substantially equivalent to the Transportation Supervisor;

    d.      That Defendant be required to provide Plaintiff with front pay;

    e.      That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

15

No. GD 19-014584
No. GD 20-001361

f.  That Defendant be ordered to pay Plaintiff punitive damages in an amount sufficient to punish Defendant's illegal conduct and to deter others from engaging in similar conduct.

g.  That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

h.  That Plaintiff be awarded against Defendant the costs and expenses of this litigation and reasonable attorney fees; and

i.  That the Court grant Ransom any additional relief as may be just and proper.

**Count VI**
**Defendant's Violations of Title VII of the Civil Rights Act**
*Retaliation for Filing 2012 EEOC Charge – Transportation Supervisor Position*

62.  Plaintiff incorporates by reference the allegations in paragraphs 1 through 61 as if fully restated herein.

63.  Defendant failed to hire Ransom in or around March 2015 for the posted Transportation Supervisor position to which she applied in retaliation for her filing a charge of discrimination against it, and therefore violated Title VII, 42 U.S.C. § 2000e-2(a)(1).

64.  Defendant's actions against Ransom were undertaken with reckless indifference to her federally protected rights under Title VII.

65.  As a direct result of Defendant's violation of Title VII, Ransom suffered out of pocket costs and emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a.  That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act;

16

No. GD 19-014584
No. GD 20-001361

b.      That the Court order Defendant to instate Plaintiff into the position she would have occupied but for Defendant's illegal actions, with all benefits including, but not limited to wages, benefits, training and seniority;

c.      That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of her, with interest until the date she is offered employment into a position substantially equivalent to the Transportation Supervisor;

d.      That Defendant be required to provide Plaintiff with front pay;

e.      That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

f.      That Defendant be ordered to pay Plaintiff punitive damages in an amount sufficient to punish Defendant's illegal conduct and to deter others from engaging in similar conduct.

g.      That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

h.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and reasonable attorney fees; and

i.      That the Court grant Ransom any additional relief as may be just and proper.

**Count VII**
**Defendant's Violations of Title VII of the Civil Rights Act**
*Failure to Hire for Sharps Service Supervisor Position in 2015*

66.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 65 as if fully restated herein.

67.     Defendant failed to hire Ransom for the Sharps Service Supervisor position in or around March 2015 because of her sex, female, and therefore violated Title VII, 42 U.S.C. § 2000e-2(a)(1).

No. GD 19-014584
No. GD 20-001361

68.     Defendant's actions against Ransom were undertaken with reckless indifference to her federally protected rights under Title VII.

69.     As a direct result of Defendant's violation of Title VII, Ransom suffered out of pocket costs and emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a.     That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act;

b.     That the Court order Defendant to instate Plaintiff into the position she would have occupied but for Defendant's illegal actions, with all benefits including, but not limited to wages, benefits, training and seniority;

c.     That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of her, with interest until the date she is offered employment into a position substantially equivalent to the Transportation Supervisor;

d.     That Defendant be required to provide Plaintiff with front pay;

e.     That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

f.     That Defendant be ordered to pay Plaintiff punitive damages in an amount sufficient to punish Defendant's illegal conduct and to deter others from engaging in similar conduct.

g.     That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

h.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation and reasonable attorney fees; and

i.     That the Court grant Ransom any additional relief as may be just and proper.

No. GD 19-014584
No. GD 20-001361

### Count VIII
### Defendant's Violations of Title VII of the Civil Rights Act
*Retaliation for filing 2012 EEOC Charge – Sharps Service Supervisor*

70.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 69 as if fully restated herein.

71.     Defendant failed to hire Ransom in or around March 2015 for the posted Sharps Service Supervisor position to which she applied in retaliation for her filing a charge of discrimination against it, and therefore violated Title VII, 42 U.S.C. § 2000e-2(a)(1).

72.     Defendant's actions against Ransom were undertaken with reckless indifference to her federally protected rights under Title VII.

73.     As a direct result of Defendant's violation of Title VII, Ransom suffered out of pocket costs and emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a.     That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act;

b.     That the Court order Defendant to instate Plaintiff into the position she would have occupied but for Defendant's illegal actions, with all benefits including, but not limited to wages, benefits, training and seniority;

c.     That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of her, with interest until the date she is offered employment into a position substantially equivalent to the Transportation Supervisor;

d.     That Defendant be required to provide Plaintiff with front pay;

e.     That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

No. GD 19-014584
No. GD 20-001361

f.     That Defendant be ordered to pay Plaintiff punitive damages in an amount sufficient to punish Defendant's illegal conduct and to deter others from engaging in similar conduct.

g.     That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

h.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation and reasonable attorney fees; and

i.     That the Court grant Ransom any additional relief as may be just and proper.

### Count IX
### Defendant's Violations of Pennsylvania Human Relations Act
#### *Termination in May 2012 Because of Sex*

74.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 73 as if fully restated herein.

75.     Defendant's termination of Ransom because of her sex, female, violated the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §955(a) et seq. ("PHRA").

76.     As a direct result of Defendant's violation of the PHRA, Ransom suffered out of pocket losses, in addition to suffering emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a.     That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

b.     That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

c.     That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

d.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

No. GD 19-014584
No. GD 20-001361

    e.    That the Court grant Ransom any additional relief as may be just and proper.

## Count X
## Defendant's Violations of Pennsylvania Human Relations Act
### *Retaliation*

77.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 76 as if fully restated herein.

78.    Defendant's retaliation against Ransom for making protected complaints of gender-based pay disparity violated the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §955(a) et seq. ("PHRA").

79.    As a direct result of Defendant's violation of the PHRA, Ransom suffered out of pocket losses, in addition to suffering emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

    a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

    b.    That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

    c.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

    d.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    e.    That the Court grant Ransom any additional relief as may be just and proper.

No. GD 19-014584
No. GD 20-001361

## Count XI
### Defendant's Violations of Pennsylvania Human Relations Act
*Failure to Hire – April 2012 Transportation Supervisor Position*

80.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 79 as if fully restated herein.

81.     Defendant's failure to hire Ransom because of her sex, female, violated the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §955(a) *et seq*. ("PHRA").

82.     As a direct result of Defendant's violation of the PHRA, Ransom suffered out of pocket losses, in addition to suffering emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

   a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

   b.    That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

   c.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

   d.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

   e.    That the Court grant Ransom any additional relief as may be just and proper.

## Count XII
### Defendant's Violations of Pennsylvania Human Relations Act
*Failure to Hire – March 2015 Transportation Supervisor Position*

83.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 82 as if fully restated herein.

No. GD 19-014584
No. GD 20-001361

84.     Defendant's failure to hire or consider Ransom for the Transportation Supervisor Position in or around March 2015 violated the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §955(a) *et seq.* ("PHRA").

85.     As a direct result of Defendant's violation of the PHRA, Ransom suffered out of pocket losses, in addition to suffering emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a.      That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

b.      That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

c.      That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

d.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

e.      That the Court grant Ransom any additional relief as may be just and proper.

## Count XIII
### Defendant's Violations of Pennsylvania Human Relations Act
*Retaliation – March 2015 Transportation Supervisor Position*

86.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 85 as if fully restated herein.

87.     Defendant's failure to hire or consider Ransom for the Transportation Supervisor Position in or around March 2015 because she had filed an EEOC Charge against it violated the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §955(a) *et seq.* ("PHRA").

23

No. GD 19-014584
No. GD 20-001361

88.     As a direct result of Defendant's violation of the PHRA, Ransom suffered out of pocket losses, in addition to suffering emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a.     That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

b.     That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

c.     That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

d.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

e.     That the Court grant Ransom any additional relief as may be just and proper.

**Count XIV**
**Defendant's Violations of Pennsylvania Human Relations Act**
*Failure to Hire – March 2015 Sharps Service Supervisor*

89.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 88 as if fully restated herein.

90.     Defendant's failure to hire or consider Ransom for the Sharps Service Supervisor Position in or around March 2015 violated the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §955(a) *et seq*. ("PHRA").

91.     As a direct result of Defendant's violation of the PHRA, Ransom suffered out of pocket losses, in addition to suffering emotional distress, inconvenience, and humiliation.

24

No. GD 19-014584
No. GD 20-001361

WHEREFORE, Plaintiff requests the following:

    a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

    b.    That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

    c.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

    d.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    e.    That the Court grant Ransom any additional relief as may be just and proper.

### Count XV
### Defendant's Violations of Pennsylvania Human Relations Act
### *Retaliation – March 2015 Sharps Service Supervisor Position*

92.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 91 as if fully restated herein.

93.    Defendant's failure to hire or consider Ransom for the Sharps Service Supervisor Position in or around March 2015 because she had filed an EEOC Charge against it violated the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §955(a) *et seq*. ("PHRA").

94.    As a direct result of Defendant's violation of the PHRA, Ransom suffered out of pocket losses, in addition to suffering emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

    a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

    b.    That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

No. GD 19-014584
No. GD 20-001361

    c.      That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

    d.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    e.      That the Court grant Ransom any additional relief as may be just and proper.

### Count XVI
### Defendant's Violations of Pennsylvania Human Relations Act
*Retaliation – April 2012 Transportation Supervisor Position*

95.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 94 as if fully restated herein.

96.     Defendant's failure to hire Ransom for the Transportation Supervisor Position in or around April 2012 because she had refused to release claims against it violated the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §955(a) et seq. ("PHRA").

97.     As a direct result of Defendant's violation of the PHRA, Ransom suffered out of pocket losses, in addition to suffering emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

    a.      That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

    b.      That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

    c.      That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

    d.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

No. GD 19-014584
No. GD 20-001361

e.   That the Court grant Ransom any additional relief as may be just and proper.

Respectfully submitted,

**Rothman Gordon, P.C.**

/s/ Emily E. Town_____
Emily E. Town
Pa. I.D. No. 309881

310 Grant Street
3rd Floor, Grant Building
Pittsburgh, PA  15219
(412) 338-1100

*Attorney for Plaintiff*

27

No. GD 19-014584
No. GD 20-001361

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 11th day of January, 2021, I served a copy of the foregoing *Civil Complaint* via U.S. Mail, postage prepaid upon the following:

Gregory T. Sturges
Adam R. Roseman
Greenberg Traurig, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103

/s/ Emily E. Town
Emily E. Town

28

## VERIFIED STATEMENT

I, Sheila Ransom, declare under penalty of perjury, and subject to the penalties of 18 Pa.

Cons. Stat. § 4904 relating to unsworn falsification to authorities, that the statements set forth in the

**Civil Complaint** are true and correct to the best of my knowledge, information and belief.

_____
Shelia Ransom

_____
Date

No. GD 19-014584
No. GD 20-001361

### CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:    Plaintiff

Signature:   /s/ Emily E. Town

Name:  Emily E. Town

Attorney No.:    309881

4837-1136-9430, v. 1

30

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA**

| | |
|---|---|
| SHELIA RANSOM, | CIVIL ACTION |
| Plaintiff, | No.  GD-19-014584 |
| v. | |
| STERICYCLE, INC., | **PRAECIPE FOR ENTRY OF APPEARANCE** |
| Defendant, | |
| | Filed on behalf of  Plaintiff |
| | Counsel of Record for this Party: |
| | Emily E. Town, Esquire<br>Pa. I.D. No. 309881 |
| | Rothman Gordon, P.C.<br>Firm I.D. 010<br>310 Grant Street – Third Floor<br>Pittsburgh, PA  15219<br>(412) 338-1168 (telephone)<br>(412) 246-1768 (facsimile)<br>eetown@rothmangordon.com |

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

SHELIA RANSOM,

                Plaintiff,

      v.

STERICYCLE, INC.,

               Defendant,

CIVIL ACTION

No.  GD-19-014584

## <u>PRAECIPE FOR ENTRY OF APPEARANCE</u>

TO:    The Department of Court Records:

      Kindly enter the appearance of Emily E. Town, and the law firm of Rothman Gordon, P.C., as Counsel on behalf of Plaintiff Shelia Ransom.

                ROTHMAN GORDON, P.C.

            By:  <u>Emily E. Town</u>
                    Emily E. Town, Esquire
                    Pa. I.D. No. 309881

                    Rothman Gordon, P.C.
                    Firm I.D. 010
                    310 Grant Street – Third Floor
                    Pittsburgh, PA  15219
                    (412) 338-1168 (telephone)
                    (412) 246-1768 (facsimile)
                    eetown@rothmangordon.com

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.


Submitted by:  _____Plaintiff_____

Signature:  /s/ Emily E. Town_____

Name:  ____Emily E. Town_____

Attorney No.:  ____309881_____

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the within Praecipe for Entry of Appearance has been served upon the below counsel of record at the addresses set forth below via regular mail, this 11th day of January, 2021:

Gregory T. Sturges, Esquire
Adam R. Roseman, Esquire
Greenberg Traurig, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103

By: _____Emily E. Town_____
Emily E. Town

4843-0053-6790, v. 1



Emily E Town
Phone 412-338-1168
Direct fax 412-246-1768
EETown@rothmangordon.com

January 19, 2021

Gregory T. Sturges
Adam R. Roseman
Greenberg Traurig, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103

   **Re:** **Shelia Ransom v. Stericycle, Inc.**
      **GD-19-014584**

Counsel:

   Enclosed please find the Praecipe to Withdraw Appearance filed with the Allegheny County Department of Court Records on January 15th, 2021.  Please not that Attorney John. E. Black, III no longer represents the Plaintiff in the above captioned matter.

   If you have any questions please do not hesitate to contact me.

      Very truly yours,

      /s/ Emily E. Town
      Emily E. Town

Enclosure

EET/rlj

4829-2444-3352, v. 1

---

310 Grant Street
Third Floor, Grant Building
Pittsburgh, PA 15219

Rothman Gordon P.C.
Attorneys At Law
www.rothmangordon.com

phone 412.338.1100
fax 412.281.7304

Primerus
Member

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| SHELIA RANSOM, | CIVIL ACTION |
| Plaintiff, | No.  GD-19-014584 |
| v. | |
| STERICYCLE, INC., | **PRAECIPE TO WITHDRAW APPEARANCE** |
| Defendant, | |
| | Filed on behalf of  Plaintiff |
| | Counsel of Record for this Party: |
| | Emily E. Town, Esquire<br>Pa. I.D. No. 309881 |
| | Rothman Gordon, P.C.<br>Firm I.D. 010<br>310 Grant Street – Third Floor<br>Pittsburgh, PA  15219<br>(412) 338-1168 (telephone)<br>(412) 246-1768 (facsimile)<br>eetown@rothmangordon.com |

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

SHELIA RANSOM,

          Plaintiff,

    v.

STERICYCLE, INC.,

          Defendant,

CIVIL ACTION

No.  GD-19-014584

## PRAECIPE TO WITHDRAW APPEARANCE

TO THE PROTHONOTARY:

    Undersigned counsel respectfully requests this Court withdraw the appearance of John E. Black, III for the following reason:

    1.    John E. Black, III left the law firm of Rothman Gordon, P.C. effective November 20 2020.

    2.    Plaintiff continues to be represented by Emily E. Town and the law firm of Rothman Gordon, P.C.

    WHEREFORE, undersigned counsel respectfully requests this Court withdraw the appearance of John E. Black, III the above reasons.

                    ROTHMAN GORDON, P.C.

                    By:   Emily E. Town
                            Emily E. Town, Esquire
                            Pa. I.D. No. 309881

                            Rothman Gordon, P.C.
                            Firm I.D. 010
                            310 Grant Street – Third Floor
                            Pittsburgh, PA  15219
                            (412) 338-1168 (telephone)
                            (412) 246-1768 (facsimile)
                            eetown@rothmangordon.com

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:      Plaintiff

Signature:   /s/ Emily E. Town

Name:      Emily E. Town

Attorney No.:      309881

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Praecipe to Withdraw Appearance has been served upon the below counsel of record at the addresses set forth below via regular mail, this 15th day of January, 2021:

Gregory T. Sturges, Esquire
Adam R. Roseman, Esquire
Greenberg Traurig, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103

By: _____Emily E. Town_____
Emily E. Town

4810-9616-6870, v. 1

60937-2

**ROTHMAN GORDON**

Rothman Gordon P.C.
310 Grant Street, Third Floor
Pittsburgh, PA 15219

19103-274500

Gregory T. Sturges
Adam R. Roseman
Greenberg Traurig, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103

PITTSBURGH PA 150

19 JAN 2021 PM 3 L

UNITED STATES POSTAGE
$ 000.65⁰
PITNEY BOWES

02 1P
0000887854    JAN 19 2021
MAILED FROM ZIP CODE 15219

# Allegheny County Department Of Court Records

### Civil/Family Division Docket Report

**Run Date and Time: 2/5/2021 - 12:13:53**

---

**GD-20-001361**

Ransom vs Stericycle Inc.

**Filing Date:**
1/27/2020

**Related Cases:**

**Consolidated Cases:**

**Judge:**
No Judge

**Amount In Dispute:**
$ 0

**Case Type:**
Employment Discrimination

**Court Type:**
General Docket

**Current Status:**
Praecipe to Withdraw Appearance

**Jury Requested:**
N

---

| --Parties-- | | | | | |
|---|---|---|---|---|---|
| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
| Ransom | Shelia | | Plaintiff | | -- | Emily E Town |
| Stericycle Inc. | | | Defendant | | 01/31/2020 1331 | Gregory T Sturges |

| --Attorney-- | | | | | |
|---|---|---|---|---|---|
| LName | FName | MI | Type | Address | Phone |
| Town | Emily | E | Plaintiff's Attorney | ROTHMAN GORDON P.C. 310 Grant Street, Floor 3 Pittsburgh PA 15219 | 4123381168 |
| Roseman | Adam | R. | Defendant's Attorney | | -- |
| Sturges | Gregory | T | Defendant's Attorney | | -- |

| --Non Litigants-- | | | | | |
|---|---|---|---|---|---|
| LName | FName | MI | Type | Address | Phone |
| No Litigants Found | | | | | |

| --Docket Entries-- |
|---|

| Filing Date | Docket Type | Docket Text | Filing Party |
|---|---|---|---|
| 1/15/2021 | Praecipe to Withdraw Appearance | Of John E. Black, III, Esq. | Emily Town E |
| 1/11/2021 | Praecipe for Appearance | Filed on behalf of Plaintiff | Emily Town E |
| 1/11/2021 | Complaint | | Shelia Ransom |
| 12/23/2020 | Praecipe for Rule to File Complaint | | Stericycle Inc. |
| 12/23/2020 | Praecipe for Appearance | Filed on Behalf of Defendant, Stericycle, Inc. | Adam Roseman R. |
| 12/23/2020 | Praecipe for Appearance | Filed on Behalf of Defendant, Stericycle, Inc. | Gregory Sturges T |
| 1/31/2020 | Sheriff Return | Stericycle Inc. was served with Writ of Summons on 01/31/2020 by Served - Manager / other person authorized to accept deliveries of United States Mail. Melissa Satini | Shelia Ransom |
| 1/27/2020 | Praecipe for Writ of Summons | | Shelia Ransom |

| --Judgments Against-- | | |
|---|---|---|
| Name | Amount | Satisfied(Y,N) |
| No Judgments Found | | |

| --Events Schedule-- | | | |
|---|---|---|---|
| Event Scheduled | Event Date & Time | Room Number | Judge/Hearing Officer |
| No Information Found | | | |

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

SHELIA RANSOM,

               Plaintiff,

    v.

STERICYCLE, INC.,

         Defendant .

Civil Action

No.  GD  20  1361

PRAECIPE FOR WRIT OF SUMMONS

FILED

20 JAN 27 PM 2: 56

DEPT. OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

Code: 009

Filed on behalf of Plaintiff,
Shelia Ransom

Counsel of Record for this Party:

John E. Black, III

Pa. I. D. No. 83727 (Black)

Rothman Gordon, P.C.
310 Grant Street
Third Floor, Grant Building
Pittsburgh, PA 15219
(412) 338-1100

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

SHELIA RANSOM,                                  Civil Action

               Plaintiff,                        No.

    v.

STERICYCLE, INC.,

             Defendant.

## PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONOTARY:

    Kindly issue a Writ of Summons upon the Defendant in the above-captioned matter.

                            Respectfully submitted,

                            **Rothman Gordon, P.C.**

                            John E. Black, III

                            Pa. I.D. No. 83727

                            310 Grant Street
                            Third Floor, Grant Building
                            Pittsburgh, PA 15219
                            (412) 338-1100

4829-3862-2633, v. 1

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: <u>John E. Black, III</u>

Signature: _____

Name: <u>John E. Black, III</u>

Attorney No.: <u>#83727</u>

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

ALLEGHENY _____ **County**

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | Time Stamp |
| GD 20 1361 | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

---

**SECTION A**

**Commencement of Action:**
- ☐ Complaint
- ☒ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

| Lead Plaintiff's Name: RANSOM, SHEILA | Lead Defendant's Name: STERICYCLE, INC. |
|---|---|

**Are money damages requested?** ☒ Yes  ☐ No

Dollar Amount Requested: (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No       **Is this an *MDJ Appeal*?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: JOHN E. BLACK, III

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

---

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABILTY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- _____
- ☒ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*

# Sheriff Return

| | |
|---:|:---|
| **Case No:** | *GD-20-001361* |
| **Casie Description:** | *Ransom vs Stericycle Inc.* |
| **Defendant:** | *Stericycle Inc.* |
| **Service Address:** | *380 Locust Street McKeesport, PA 15132 Allegheny* |
| **Writ Description:** | *Writ of Summons* |
| **Issue Date:** | *01/27/2020 02:59 PM* |
| **Service Status:** | *Served - Manager / other person authorized to accept deliveries of United States Mail* |
| **Served Upon:** | *Stericycle Inc.* |
| **Served By:** | *CITLE* |
| **Served On:** | *01/31/2020 01:31 PM* |
| **Service Method:** | *Person In Charge* |

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| SHEILA RANSOM, | :   CIVIL DIVISION |
| | : |
|          Plaintiff, | : |
| | :   Civil No.:  GD-20-001361 |
|      v. | : |
| | : |
| STERICYCLE, INC., | :   **PRAECIPE FOR ENTRY OF** |
| | :   **APPEARANCE** |
|        Defendant. | : |
| | :   Filed on Behalf of Defendant, |
| | :   Stericycle, Inc. |
| | : |
| | :   Counsel of Record for This Party: |
| | : |
| | :   Adam R. Roseman, Esquire |
| | :   PA I.D. No.: 313809 |
| | : |
| | :   **GREENBERG TRAURIG, LLP** |
| | :   1717 Arch Street, Suite 400 |
| | :   Philadelphia, PA 19103 |
| | :   P: (215) 988-7826 |
| | :   F: (215) 988-7801 |
| | : |
| | : |
| | : |
| | : |

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA**

| | | |
|---|---|---|
| SHEILA RANSOM, | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | |
| | : | Civil No.:  GD-20-001361 |
| v. | : | |
| | : | |
| STERICYCLE, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**PRAECIPE FOR ENTRY OF APPEARANCE**

TO THE CLERK OF COURT:

Kindly enter the appearance of Adam R. Roseman on behalf of Defendant, Stericycle, Inc.,

in the above-captioned action.

Respectfully submitted,

Dated:  December 23, 2020          **GREENBERG TRAURIG, LLP**

/s/ Adam R. Roseman

Adam R. Roseman (Pa. I.D. No. 313809)
1717 Arch Street, Suite 400
Philadelphia, PA  19103
(t) 215.988.7826
(f) 215.988.7801
rosemana@gtlaw.com

*Attorney for Defendant, Stericycle, Inc.*

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA**

| | |
|---|---|
| SHEILA RANSOM, | : CIVIL DIVISION |
| | : |
| Plaintiff, | : |
| | : Civil No.:  GD-20-001361 |
| v. | : |
| | : |
| STERICYCLE, INC., | : |
| | : |
| Defendant. | : |
| | : |

## CERTIFICATE OF SERVICE

I, Adam R. Roseman, certify that on December 23, 2020, a copy of the foregoing Praecipe

for Entry of Appearance was electronically filed with the Court and served on all counsel of record

by electronic and U.S. Mail:

John E. Black III
EDGAR SNYDER & ASSOCIATES
600 Grant Street, Floor 10
Pittsburgh, PA 15219
contactus@edgarsnyder.com
*Attorney for Plaintiff, Sheila Ransom*

*/s/ Adam R. Roseman*
Adam R. Roseman (Pa. I.D. No. 313809)

*Attorney for Defendant, Stericycle, Inc.*

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA**

| | |
|---|---|
| SHEILA RANSOM, | : CIVIL DIVISION |
| | : |
| Plaintiff, | : |
| | : Civil No.:  GD-20-001361 |
| v. | : |
| | : |
| STERICYCLE, INC., | : **PRAECIPE FOR ENTRY OF** |
| | : **APPEARANCE** |
| Defendant. | : |
| | : Filed on Behalf of Defendant, |
| | : Stericycle, Inc. |
| | : |
| | : Counsel of Record for This Party: |
| | : |
| | : Gregory T. Sturges, Esquire |
| | : PA I.D. No.: 200992 |
| | : |
| | : **GREENBERG TRAURIG, LLP** |
| | : 1717 Arch Street, Suite 400 |
| | : Philadelphia, PA 19103 |
| | : P: (215) 988-7820 |
| | : F: (215) 988-7801 |
| | : |
| | : |
| | : |
| | : |

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

|  |  |
|---|---|
| SHEILA RANSOM, | : CIVIL DIVISION |
| Plaintiff, | : |
| v. | : Civil No.:  GD-20-001361 |
| STERICYCLE, INC., | : |
| Defendant. | : |

## <u>PRAECIPE FOR ENTRY OF APPEARANCE</u>

TO THE CLERK OF COURT:

Kindly enter the appearance of Gregory T. Sturges on behalf of Defendant Stericycle, Inc., in the above-captioned action.

Respectfully submitted,

Dated:  December 23, 2020          **GREENBERG TRAURIG, LLP**

/s/ *Gregory T. Sturges*

Gregory T. Sturges (Pa. I.D. No. 200992)
1717 Arch Street, Suite 400
Philadelphia, PA  19103
(t) 215.988.7820
(f) 215.988.7801
sturgesg@gtlaw.com

*Attorneys for Defendant Stericycle, Inc.*

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA**

| | |
|---|---|
| SHEILA RANSOM, | :   CIVIL DIVISION |
| | : |
|             Plaintiff, | : |
| | :   Civil No.:  GD-20-001361 |
|         v. | : |
| | : |
| STERICYCLE, INC., | : |
| | : |
|             Defendant. | : |
| | : |

## CERTIFICATE OF SERVICE

I, Gregory T. Sturges, certify that on December 23, 2020, a copy of the foregoing Praecipe

for Entry of Appearance was electronically filed with the Court and served on all counsel of record

by electronic and U.S. Mail:

John E. Black III
EDGAR SNYDER & ASSOCIATES
600 Grant Street, Floor 10
Pittsburgh, PA 15219
contactus@edgarsnyder.com
*Attorney for Plaintiff*

/s/ *Gregory T. Sturges*
Gregory T. Sturges (Pa. I.D. No. 200992)

*Attorneys for Defendant Stericycle, Inc.*

| | | |
|---|---|---|
| SHEILA RANSOM, | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | |
| | : | Civil No.:  GD-20-001361 |
| v. | : | |
| | : | |
| STERICYCLE, INC., | : | **PRAECIPE FOR RULE TO FILE** |
| | : | **COMPLAINT** |
| Defendant. | : | |
| | : | Filed on Behalf of Defendant, |
| | : | Stericycle, Inc. |
| | : | |
| | : | Counsel of Record for This Party: |
| | : | |
| | : | Gregory T. Sturges, Esquire |
| | : | PA I.D. No.: 200992 |
| | : | |
| | : | Adam R. Roseman, Esquire |
| | : | PA I.D. No. 313809 |
| | : | |
| | : | **GREENBERG TRAURIG, LLP** |
| | : | 1717 Arch Street, Suite 400 |
| | : | Philadelphia, PA 19103 |
| | : | P: (215) 988-7800 |
| | : | F: (215) 988-7801 |
| | : | |

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| SHEILA RANSOM, | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | |
| | : | Civil No.: GD-20-001361 |
| v. | : | |
| | : | |
| STERICYCLE, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## PRAECIPE FOR RULE TO FILE COMPLAINT

TO THE PROTHONOTARY:

      Please enter a Rule upon plaintiff to file a Complaint within 20 days hereof or suffer the

entry of a Judgment Non Pros.

                                    Respectfully submitted,

                                      **GREENBERG TRAURIG, LLP**

                                      */s/ Adam R. Roseman*
                                      Adam R. Roseman (PA I.D. No. 313809)

                                      *Attorneys for Defendant*
                                      *Stericycle, Inc.*

Dated:  December 23, 2020

**IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA**

SHEILA RANSOM,              **)**

                                **)**

            Plaintiff,      **)**

                                **)**   CIVIL ACTION

      v.                    **)**

                                **)**   No. GD 20-1361

STERICYCLE, INC.,          **)**

                                **)**

            Defendant.   **)**

## <u>RULE TO FILE COMPLAINT</u>

AND NOW, this _____ day of _____ 2020, a Rule is hereby granted upon plaintiff to file a Complaint herein within 20 days after service hereof or suffer the entry of a Judgment of Non Pros.

 

_____

Prothonotary

<u>**CERTIFICATE OF SERVICE**</u>

I, Adam R. Roseman, certify that on this 23rd day of December 2020, a true and correct copy of the foregoing Praecipe for Rule to File Complaint was electronically filed with the Court and served on all counsel of record by electronic and U.S. Mail:

John E. Black III
EDGAR SNYDER & ASSOCIATES
600 Grant Street, Floor 10
Pittsburgh, PA 15219
contactus@edgarsnyder.com
*Attorney for Plaintiff*


*/s/ Adam R. Roseman*
Adam R. Roseman (Pa. I.D. No. 313809)

*Attorneys for Defendant*
*Stericycle, Inc.*

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

SHELIA RANSOM,

        Plaintiff,

        v.

STERICYCLE, INC.,

        Defendant.

Civil Division

No. GD 19-014584
No. GD 20-001361

**CIVIL COMPLAINT**

Code: 009

Filed on behalf of Plaintiff,
Shelia Ransom

Counsel of Record for this Party:

Emily E. Town,
Pa. I.D. No. 309881
Rothman Gordon, P.C.
310 Grant Street
3rd Floor, Grant Building
Pittsburgh, PA 15219
(412) 338-1100

Attorney for Plaintiff

JURY TRIAL DEMANDED

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

SHELIA RANSOM,                                    Civil Division

        Plaintiff,                              No. GD 19-014584
                                                  No. GD 20-001361

        v.

STERICYCLE, INC.,

        Defendant.

## NOTICE TO DEFEND

    You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney, and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555

No. GD 19-014584
No. GD 20-001361

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

SHELIA RANSOM,                              Civil Division

      Plaintiff,                              No. GD 19-014584
                                                    No. GD 20-001361

      v.

STERICYCLE, INC.,

      Defendant.

## <u>CIVIL COMPLAINT</u>

Plaintiff, Shelia Ransom, by undersigned counsel, files this Complaint in identical form at the docket numbers listed—intending to move for the consolidation of these matters pursuant to Pa. R. Civ. P. 213 as they involve identical parties and a common core of operative facts and events, and in support states the following:

### I. Jurisdiction

1.    Plaintiff has satisfied all procedural and administrative requirements set forth in Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §955(a) *et seq*. because:

    a.    On September 6, 2012, she timely filed a Charge of Discrimination with the EEOC, at Charge No. 533-2012-01254 (the "2012 Charge"), alleging sex discrimination and retaliation, which was dual-filed with the Pennsylvania Human Relations Commission; and

    b.    On August 31, 2015, she timely filed a Charge of Discrimination with the EEOC, at Charge No. 533-2015-01202 (the "2015 Charge"), alleging sex discrimination and retaliation, which was

3

No. GD 19-014584
No. GD 20-001361

dual-filed with the Pennsylvania Human Relations Commission; and

c.  On July 19, 2019, the EEOC issued a Notice of Right to Sue for the 2012 Charge;

d.  A Praecipe for Writ of Summons was filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue;

e.  On November 1, 2019, the EEOC issued a Notice of Right to Sue for the 2015 Charge;

f.  A Praecipe for Writ of Summons was filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue;

g.  On December 23, 2020, Defendant filed Praecipe for Rule to File a Complaint at No. GD 20-001361;

h.  It has been more than one year since Ransom dual-filed her Charges with the Pennsylvania Human Relations Commission.

## II.  The Parties

2.  Plaintiff, Sheila Ransom[1] ("Ransom" or "Plaintiff") is an adult female who resides at 1806 Tyburn Lane, Pittsburgh, PA 15241.

3.  Defendant, Stericyle, Inc., ("Stericyle") is a waste processing company located at 28161 N. Keith Drive, Lake Forrest, IL 60045 with a place of business located at 380 Locust Street, McKeesport, PA 15132.

4.  At all times relevant hereto, Defendant employed 15 or more individuals.

5.  As such, Defendant is an employer within the meaning of Title VII, 42 U.S.C. §2000e(b).  Defendant is also an employer under the Pennsylvania Human Relations Act.

---

[1] Plaintiff's name was misspelled "Shelia" Ransom in the filing of her Praecipe for Writ of Summons at both dockets, and Plaintiff's Counsel will correct the caption accordingly.

4

No. GD 19-014584
No. GD 20-001361

### III. Factual Background.

6.     Ms. Sheila Ransom was hired by Defendant Stericycle on February 15, 1999—when Defendant acquired Medical Express, a medical waste transportation business started by Ms. Ransom's grandfather and owned by her family until its purchase by Stericycle.

7.     Ms. Ransom had grown up in the business and was well-acquainted with all aspects of its operations.

8.     Stericycle first employed Ms. Ransom as a dispatcher, then promoted her to acting Transportation Supervisor and eventually to Transportation Manager.

9.     Around August 2011, Defendant employed Ms. Ransom in an undefined "facility manager" role after the size of the workforce reporting to her doubled and her management duties increased to include a waste processing facility.

10.     Patrick Ruane, Ms. Ransom's manager, told her that her increase in duties and management responsibilities would be recognized with a new title and increased compensation—but those two things never materialized before she was fired.

11.     In December 2011, Stericycle hired Paul LaChance as Plant Supervisor.

12.     When processing LaChance's new-hire paperwork, Ms. Ransom learned that he had been hired at a salary nearly identical to her own—despite his lack of experience and her presumably higher, but undefined, management position.

13.     Ms. Ransom complained to Ruane about her salary relative to LaChance's, given their respective roles, but Ruane brushed the complaint aside telling Ms. Ransom she should try not to think about it and stating that new-hires were being hired at higher rates of pay.

5

No. GD 19-014584
No. GD 20-001361

14.     On or around March 30, 2012, Ruane told Ms. Ransom that her position was being eliminated and that the position would be replaced with a Transportation Supervisor.

15.     Although expressing displeasure about an effective "demotion," Ms. Ransom told Ruane that she needed her job and expressed willingness to fill the Transportation Supervisor position.

16.     Ruane volunteered, however, that he had already discussed the Transportation Supervisor position with Human Resources and had raised this issue of Ms. Ransom not being physically capable of performing "ride-alongs" that he said would be part of the job requirements.

17.     Ms. Ransom had previously reported to Ruane that she suffered from a medical condition that resulted in pain and excessive menstrual bleeding that made it difficult for her to complete ride-alongs during her menstruation for about one week each month.

18.     Ruane had never indicated to Ms. Ransom that the one-week accommodation she required for her medical condition was problematic—instead he offered to assist with ride-alongs himself or have another employee complete them when Ms. Ransom was unable.

19.     When Ruane brought up the issue of Ms. Ransom's menstrual bleeding in the March 30, 2012 meeting, she informed him that she had surgery scheduled within the next month to address—and potentially resolve—the problem.

20.     Oddly, during the March 30, 2012 meeting, Ruane remarked that he felt he had "failed" Ms. Ransom the same way he had "failed" Marcy Reebel, a Transportation Supervisor in the company's Warren, Ohio facility he had fired the previous year.

6

No. GD 19-014584
No. GD 20-001361

21.     Ruane tried to dissuade Ms. Ransom from staying on in the new Transportation Supervisor position, telling her "things are going to get worse not better," and instead discussing the severance benefits the company would provide to her.

22.     The following Monday, April 2, 2012, Ruane sent Ms. Ransom a letter asking her to confirm that she was not interested in the Transportation Supervisor position—even though she had told him that she needed to work and was not declining that position during their March 30, 2012 meeting.

23.     Although Ms. Ransom never provided the confirmation Ruane sought, she was relieved of her duties and sent home with a severance package offer three days later, on April 5, 2012.

24.     Stericycle then advertised the Transportation Supervisor position.

25.     On April 16, 2012, Ms. Ransom contacted Ruane to confirm that she would accept the Transportation Supervisor position.

26.     Ruane replied that she was not being offered the position, but that she could apply for it and complete an interview—so Ms. Ransom applied and was interviewed on April 19, 2012.

27.     On April 26, 2012, Ms. Ransom was told that Stericycle had selected a "more qualified" candidate for the position—James Fulton.

28.     Ms. Ransom's last date of employment with Stericycle was May 4, 2012.

29.     On or about September 6, 2012, Plaintiff filed the 2012 Charge based on her removal from the Transportation Manager positions and Defendant's failure to hire her for the

7

No. GD 19-014584
No. GD 20-001361

Transportation Supervisor position at Defendant's McKeesport, PA facility, events which happened in or around April, 2012.

30.     Through the course of the EEOC Investigation of the 2012 Charge, Defendant asserted that Ms. Ransom's lack of a commercial driver's license (CDL) was one of the reasons she was not selected for the Transportation Supervisor position.

31.     However, the EEOC Investigation also revealed that Defendant does not utilize trucks requiring a CDL license at the McKeesport facility where Ms. Ransom worked and where the new position was located.

32.     On February 10, 2015, the EEOC held a Fact Finding Conference regarding the 2012 Charge.

33.     Patrick Ruane, Plaintiff's former manager, was among Defendant's witnesses at the Fact Finding Conference.

34.     On March 5, 2015, Plaintiff applied online for two positions newly-advertised by Defendant and located at Defendant's facility located in McKeesport, Pennsylvania, Sharp Service Supervisor and Transportation Supervisor.

35.     Plaintiff received an acknowledgment dated March 5, 2015 from Defendant thanking her for her interest in the company, indicating that her skills and qualifications were under review and informing her that a human resources representative would contact her if further information was required.

36.     Plaintiff received no further communication from Defendant regarding her applications.

8

No. GD 19-014584
No. GD 20-001361

37.     Defendant hired two men to fill the Transportation Supervisor and Sharp Service Supervisor positions.

38.     With her long history in the business that was grown by her family, Ms. Ransom was qualified for both positions.

39.     Ms. Ransom was fired by Defendant because of her sex, female, and because she had complained of a gender-based pay discrepancy.

40.     Ms. Ransom was not hired for the Transportation Supervisor position in April 2012 because of her gender and because she had refused to accept a severance package releasing her claims of discrimination against Defendant.

41.     Ms. Ransom was not hired—or even considered—for the Transportation Supervisor or Sharp Service Supervisor positions in March 2015 because of her gender and because she had filed an EEOC Charge against Defendant.

**Count I**
**Defendant's Violations of Title VII of the Civil Rights Act**
*Termination in May 2012 Because of Sex*

42.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 41 as if fully restated herein.

43.     Defendant fired Ransom because of her sex, female, and therefore violated Title VII, 42 U.S.C. § 2000e-2(a)(1).

44.     Defendant's actions against Ransom were undertaken with reckless indifference to her federally protected rights under Title VII.

9

No. GD 19-014584
No. GD 20-001361

45.     As a direct result of Defendant's violation of Title VII, Ransom suffered out of pocket costs and emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a.      That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act;

b.      That the Court order Defendant to instate Plaintiff into the position she would have occupied but for Defendant's illegal actions, with all benefits including, but not limited to wages, benefits, training and seniority;

c.      That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of her, with interest until the date she is offered employment into a position substantially equivalent to the Transportation Supervisor;

d.      That Defendant be required to provide Plaintiff with front pay;

e.      That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

f.      That Defendant be ordered to pay Plaintiff punitive damages in an amount sufficient to punish Defendant's illegal conduct and to deter others from engaging in similar conduct.

g.      That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

h.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and reasonable attorney fees; and

i.      That the Court grant Ransom any additional relief as may be just and proper.

No. GD 19-014584
No. GD 20-001361

## Count II
### Defendant's Violations of Title VII of the Civil Rights Act
### *Failure to Hire for Transportation Supervisor Position in April 2012*

46.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 45 as if fully restated herein.

47.     Defendant failed to hire Ransom in or around April 2012 because of her sex, female, and therefore violated Title VII, 42 U.S.C. § 2000e-2(a)(1).

48.     Defendant's actions against Ransom were undertaken with reckless indifference to her federally protected rights under Title VII.

49.     As a direct result of Defendant's violation of Title VII, Ransom suffered out of pocket costs and emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a.     That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act;

b.     That the Court order Defendant to instate Plaintiff into the position she would have occupied but for Defendant's illegal actions, with all benefits including, but not limited to wages, benefits, training and seniority;

c.     That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of her, with interest until the date she is offered employment into a position substantially equivalent to the Transportation Supervisor;

d.     That Defendant be required to provide Plaintiff with front pay;

e.     That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

f.     That Defendant be ordered to pay Plaintiff punitive damages in an amount sufficient to punish Defendant's illegal conduct and to deter others from engaging in similar conduct.

11

No. GD 19-014584
No. GD 20-001361

g.  That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

h.  That Plaintiff be awarded against Defendant the costs and expenses of this litigation and reasonable attorney fees; and

i.  That the Court grant Ransom any additional relief as may be just and proper.

### Count III
### Defendant's Violations of Title VII of the Civil Rights Act
### *Retaliation for Complaining of Pay Discrimination*

50.   Plaintiff incorporates by reference the allegations in paragraphs 1 through 49 as if fully restated herein.

51.   Defendant took adverse action against her because she had complained of gender-based pay discrimination and, therefore, violated Title VII, 42 U.S.C. § 2000e-2(a)(1).

52.   Defendant's actions against Ransom were undertaken with reckless indifference to her federally protected rights under Title VII.

53.   As a direct result of Defendant's violation of Title VII, Ransom suffered out of pocket costs and emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a.  That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act;

b.  That the Court order Defendant to instate Plaintiff into the position she would have occupied but for Defendant's illegal actions, with all benefits including, but not limited to wages, benefits, training and seniority;

c.  That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal

12

No. GD 19-014584
No. GD 20-001361

treatment of her, with interest until the date she is offered employment into a position substantially equivalent to the Transportation Supervisor;

d.      That Defendant be required to provide Plaintiff with front pay;

e.      That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

f.      That Defendant be ordered to pay Plaintiff punitive damages in an amount sufficient to punish Defendant's illegal conduct and to deter others from engaging in similar conduct.

g.      That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

h.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and reasonable attorney fees; and

i.      That the Court grant Ransom any additional relief as may be just and proper.

**Count IV**
**Defendant's Violations of Title VII of the Civil Rights Act**
*Retaliation for Refusal to Release Claims*

54.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 53 as if fully restated herein.

55.     Defendant retaliated against Ransom by failing to hire her for the Transportation Supervisor position in or around April 2012 because she refused to release and waive claims against it and therefore violated Title VII, 42 U.S.C. § 2000e-2(a)(1).

56.     Defendant's actions against Ransom were undertaken with reckless indifference to her federally protected rights under Title VII.

13

No. GD 19-014584
No. GD 20-001361

57.     As a direct result of Defendant's violation of Title VII, Ransom suffered out of pocket costs and emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a.      That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act;

b.      That the Court order Defendant to instate Plaintiff into the position she would have occupied but for Defendant's illegal actions, with all benefits including, but not limited to wages, benefits, training and seniority;

c.      That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of her, with interest until the date she is offered employment into a position substantially equivalent to the Transportation Supervisor;

d.      That Defendant be required to provide Plaintiff with front pay;

e.      That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

f.      That Defendant be ordered to pay Plaintiff punitive damages in an amount sufficient to punish Defendant's illegal conduct and to deter others from engaging in similar conduct.

g.      That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

h.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and reasonable attorney fees; and

i.      That the Court grant Ransom any additional relief as may be just and proper.

No. GD 19-014584
No. GD 20-001361

**Count V**
**Defendant's Violations of Title VII of the Civil Rights Act**
*Failure to Hire for Transportation Supervisor Position in 2015*

58.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 57 as if fully restated herein.

59.    Defendant failed to hire Ransom for the Transportation Supervisor Position in or around March 2015 because of her sex, female, and therefore violated Title VII, 42 U.S.C. § 2000e-2(a)(1).

60.    Defendant's actions against Ransom were undertaken with reckless indifference to her federally protected rights under Title VII.

61.    As a direct result of Defendant's violation of Title VII, Ransom suffered out of pocket costs and emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act;

b.    That the Court order Defendant to instate Plaintiff into the position she would have occupied but for Defendant's illegal actions, with all benefits including, but not limited to wages, benefits, training and seniority;

c.    That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of her, with interest until the date she is offered employment into a position substantially equivalent to the Transportation Supervisor;

d.    That Defendant be required to provide Plaintiff with front pay;

e.    That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

15

No. GD 19-014584
No. GD 20-001361

f.      That Defendant be ordered to pay Plaintiff punitive damages in an amount
        sufficient to punish Defendant's illegal conduct and to deter others from
        engaging in similar conduct.

g.      That Defendant be enjoined from discriminating against Plaintiff in any
        manner that violates Title VII of the Civil Rights Act;

h.      That Plaintiff be awarded against Defendant the costs and expenses of this
        litigation and reasonable attorney fees; and

i.      That the Court grant Ransom any additional relief as may be just and
        proper.

## Count VI
## Defendant's Violations of Title VII of the Civil Rights Act
### *Retaliation for Filing 2012 EEOC Charge – Transportation Supervisor Position*

62.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 61 as if

fully restated herein.

63.     Defendant failed to hire Ransom in or around March 2015 for the posted

Transportation Supervisor position to which she applied in retaliation for her filing a charge of

discrimination against it, and therefore violated Title VII, 42 U.S.C. § 2000e-2(a)(1).

64.     Defendant's actions against Ransom were undertaken with reckless indifference

to her federally protected rights under Title VII.

65.     As a direct result of Defendant's violation of Title VII, Ransom suffered out of

pocket costs and emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a.      That the Court enter a judgment declaring Defendant's actions to be
        unlawful and in violation of Title VII of the Civil Rights Act;

16

No. GD 19-014584
No. GD 20-001361

b.      That the Court order Defendant to instate Plaintiff into the position she would have occupied but for Defendant's illegal actions, with all benefits including, but not limited to wages, benefits, training and seniority;

c.      That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of her, with interest until the date she is offered employment into a position substantially equivalent to the Transportation Supervisor;

d.      That Defendant be required to provide Plaintiff with front pay;

e.      That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

f.      That Defendant be ordered to pay Plaintiff punitive damages in an amount sufficient to punish Defendant's illegal conduct and to deter others from engaging in similar conduct.

g.      That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

h.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and reasonable attorney fees; and

i.      That the Court grant Ransom any additional relief as may be just and proper.

**Count VII**
**Defendant's Violations of Title VII of the Civil Rights Act**
*Failure to Hire for Sharps Service Supervisor Position in 2015*

66.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 65 as if fully restated herein.

67.     Defendant failed to hire Ransom for the Sharps Service Supervisor position in or around March 2015 because of her sex, female, and therefore violated Title VII, 42 U.S.C. § 2000e-2(a)(1).

17

No. GD 19-014584<br>No. GD 20-001361

68.     Defendant's actions against Ransom were undertaken with reckless indifference to her federally protected rights under Title VII.

69.     As a direct result of Defendant's violation of Title VII, Ransom suffered out of pocket costs and emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

      a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act;

      b.    That the Court order Defendant to instate Plaintiff into the position she would have occupied but for Defendant's illegal actions, with all benefits including, but not limited to wages, benefits, training and seniority;

      c.    That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of her, with interest until the date she is offered employment into a position substantially equivalent to the Transportation Supervisor;

      d.    That Defendant be required to provide Plaintiff with front pay;

      e.    That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

      f.    That Defendant be ordered to pay Plaintiff punitive damages in an amount sufficient to punish Defendant's illegal conduct and to deter others from engaging in similar conduct.

      g.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

      h.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and reasonable attorney fees; and

      i.    That the Court grant Ransom any additional relief as may be just and proper.

18

No. GD 19-014584
No. GD 20-001361

**Count VIII**
**Defendant's Violations of Title VII of the Civil Rights Act**
*Retaliation for filing 2012 EEOC Charge – Sharps Service Supervisor*

70.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 69 as if fully restated herein.

71.    Defendant failed to hire Ransom in or around March 2015 for the posted Sharps Service Supervisor position to which she applied in retaliation for her filing a charge of discrimination against it, and therefore violated Title VII, 42 U.S.C. § 2000e-2(a)(1).

72.    Defendant's actions against Ransom were undertaken with reckless indifference to her federally protected rights under Title VII.

73.    As a direct result of Defendant's violation of Title VII, Ransom suffered out of pocket costs and emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act;

b.    That the Court order Defendant to instate Plaintiff into the position she would have occupied but for Defendant's illegal actions, with all benefits including, but not limited to wages, benefits, training and seniority;

c.    That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of her, with interest until the date she is offered employment into a position substantially equivalent to the Transportation Supervisor;

d.    That Defendant be required to provide Plaintiff with front pay;

e.    That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

No. GD 19-014584
No. GD 20-001361

f.      That Defendant be ordered to pay Plaintiff punitive damages in an amount sufficient to punish Defendant's illegal conduct and to deter others from engaging in similar conduct.

g.      That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

h.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and reasonable attorney fees; and

i.      That the Court grant Ransom any additional relief as may be just and proper.

**Count IX**
**Defendant's Violations of Pennsylvania Human Relations Act**
*Termination in May 2012 Because of Sex*

74.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 73 as if fully restated herein.

75.     Defendant's termination of Ransom because of her sex, female, violated the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §955(a) et seq. ("PHRA").

76.     As a direct result of Defendant's violation of the PHRA, Ransom suffered out of pocket losses, in addition to suffering emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a.      That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

b.      That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

c.      That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

d.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

20

No. GD 19-014584
No. GD 20-001361

    e.      That the Court grant Ransom any additional relief as may be just and proper.

**Count X**
**Defendant's Violations of Pennsylvania Human Relations Act**
***Retaliation***

77.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 76 as if fully restated herein.

78.    Defendant's retaliation against Ransom for making protected complaints of gender-based pay disparity violated the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §955(a) et seq. ("PHRA").

79.    As a direct result of Defendant's violation of the PHRA, Ransom suffered out of pocket losses, in addition to suffering emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

    a.      That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

    b.      That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

    c.      That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

    d.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    e.      That the Court grant Ransom any additional relief as may be just and proper.

21

No. GD 19-014584
No. GD 20-001361

## Count XI
**Defendant's Violations of Pennsylvania Human Relations Act**
*Failure to Hire – April 2012 Transportation Supervisor Position*

80.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 79 as if fully restated herein.

81.     Defendant's failure to hire Ransom because of her sex, female, violated the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §955(a) *et seq*. ("PHRA").

82.     As a direct result of Defendant's violation of the PHRA, Ransom suffered out of pocket losses, in addition to suffering emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a.     That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

b.     That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

c.     That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

d.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

e.     That the Court grant Ransom any additional relief as may be just and proper.

## Count XII
**Defendant's Violations of Pennsylvania Human Relations Act**
*Failure to Hire – March 2015 Transportation Supervisor Position*

83.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 82 as if fully restated herein.

22

No. GD 19-014584
No. GD 20-001361

84.     Defendant's failure to hire or consider Ransom for the Transportation Supervisor Position in or around March 2015 violated the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §955(a) *et seq*. ("PHRA").

85.     As a direct result of Defendant's violation of the PHRA, Ransom suffered out of pocket losses, in addition to suffering emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a.      That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

b.      That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

c.      That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

d.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

e.      That the Court grant Ransom any additional relief as may be just and proper.

**Count XIII**
**Defendant's Violations of Pennsylvania Human Relations Act**
***Retaliation – March 2015 Transportation Supervisor Position***

86.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 85 as if fully restated herein.

87.     Defendant's failure to hire or consider Ransom for the Transportation Supervisor Position in or around March 2015 because she had filed an EEOC Charge against it violated the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §955(a) *et seq*. ("PHRA").

23

No. GD 19-014584
No. GD 20-001361

88.     As a direct result of Defendant's violation of the PHRA, Ransom suffered out of pocket losses, in addition to suffering emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

    a.     That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

    b.     That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

    c.     That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

    d.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    e.     That the Court grant Ransom any additional relief as may be just and proper.

### Count XIV
### Defendant's Violations of Pennsylvania Human Relations Act
### *Failure to Hire – March 2015 Sharps Service Supervisor*

89.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 88 as if fully restated herein.

90.     Defendant's failure to hire or consider Ransom for the Sharps Service Supervisor Position in or around March 2015 violated the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §955(a) *et seq*. ("PHRA").

91.     As a direct result of Defendant's violation of the PHRA, Ransom suffered out of pocket losses, in addition to suffering emotional distress, inconvenience, and humiliation.

24

No. GD 19-014584
No. GD 20-001361

WHEREFORE, Plaintiff requests the following:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

b. That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

c. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

d. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

e. That the Court grant Ransom any additional relief as may be just and proper.

**Count XV**
**Defendant's Violations of Pennsylvania Human Relations Act**
*Retaliation – March 2015 Sharps Service Supervisor Position*

92.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 91 as if fully restated herein.

93.    Defendant's failure to hire or consider Ransom for the Sharps Service Supervisor Position in or around March 2015 because she had filed an EEOC Charge against it violated the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §955(a) *et seq*. ("PHRA").

94.    As a direct result of Defendant's violation of the PHRA, Ransom suffered out of pocket losses, in addition to suffering emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

b. That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

25

No. GD 19-014584
No. GD 20-001361

c.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

d.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

e.    That the Court grant Ransom any additional relief as may be just and proper.

### Count XVI
### Defendant's Violations of Pennsylvania Human Relations Act
### *Retaliation – April 2012 Transportation Supervisor Position*

95.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 94 as if fully restated herein.

96.    Defendant's failure to hire Ransom for the Transportation Supervisor Position in or around April 2012 because she had refused to release claims against it violated the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §955(a) et seq. ("PHRA").

97.    As a direct result of Defendant's violation of the PHRA, Ransom suffered out of pocket losses, in addition to suffering emotional distress, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests the following:

a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

b.    That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

c.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

d.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

No. GD 19-014584
No. GD 20-001361

e.      That the Court grant Ransom any additional relief as may be just and proper.

Respectfully submitted,

**Rothman Gordon, P.C.**

/s/ Emily E. Town
Emily E. Town
Pa. I.D. No. 309881

310 Grant Street
3rd Floor, Grant Building
Pittsburgh, PA  15219
(412) 338-1100

*Attorney for Plaintiff*

27

No. GD 19-014584
No. GD 20-001361

## CERTIFICATE OF SERVICE

I hereby certify on this 11th day of January, 2021, I served a copy of the foregoing ***Civil***

***Complaint*** via U.S. Mail, postage prepaid upon the following:


Gregory T. Sturges
Adam R. Roseman
Greenberg Traurig, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103




/s/ Emily E. Town
Emily E. Town

28

## VERIFIED STATEMENT

I, Sheila Ransom, declare under penalty of perjury, and subject to the penalties of 18 Pa.

Cons. Stat. § 4904 relating to unsworn falsification to authorities, that the statements set forth in the

**Civil Complaint** are true and correct to the best of my knowledge, information and belief.

Shelia Ransom

1/11/2021

Date

No. GD 19-014584
No. GD 20-001361

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:    Plaintiff

Signature:  /s/ Emily E. Town

Name:  Emily E. Town

Attorney No.:    309881

4837-1136-9430, v. 1

30

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| SHELIA RANSOM, | CIVIL ACTION |
| Plaintiff, | No.  GD-20-001361 |
| v. | |
| STERICYCLE, INC., | **PRAECIPE FOR ENTRY OF APPEARANCE** |
| Defendant, | |

Filed on behalf of  Plaintiff

Counsel of Record for this Party:

Emily E. Town, Esquire
Pa. I.D. No. 309881

Rothman Gordon, P.C.
Firm I.D. 010
310 Grant Street – Third Floor
Pittsburgh, PA  15219
(412) 338-1168 (telephone)
(412) 246-1768 (facsimile)
eetown@rothmangordon.com

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| SHELIA RANSOM, | CIVIL ACTION |
| Plaintiff, | No. GD-20-001361 |
| v. | |
| STERICYCLE, INC., | |
| Defendant, | |

**<u>PRAECIPE FOR ENTRY OF APPEARANCE</u>**

TO:   The Department of Court Records:

Kindly enter the appearance of Emily E. Town, and the law firm of Rothman Gordon, P.C., as Counsel on behalf of Plaintiff Shelia Ransom.

ROTHMAN GORDON, P.C.

By: <u>  Emily E. Town            </u>
　　　　　Emily E. Town, Esquire
　　　　　Pa. I.D. No. 309881

　　　　　Rothman Gordon, P.C.
　　　　　Firm I.D. 010
　　　　　310 Grant Street – Third Floor
　　　　　Pittsburgh, PA  15219
　　　　　(412) 338-1168 (telephone)
　　　　　(412) 246-1768 (facsimile)
　　　　　eetown@rothmangordon.com

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  _____Plaintiff_____

Signature:  _/s/ Emily E. Town_____

Name:  _____Emily E. Town_____

Attorney No.:  _____309881_____

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Praecipe for Entry of Appearance has been served upon the below counsel of record at the addresses set forth below via regular mail, this 11th day of January, 2021:

Gregory T. Sturges, Esquire
Adam R. Roseman, Esquire
Greenberg Traurig, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103

By: ____Emily E. Town_____
Emily E. Town

4835-2262-4470, v. 1

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| SHELIA RANSOM, | CIVIL ACTION |
|           Plaintiff, | No.  GD-20-001361 |
|   v. | |
| STERICYCLE, INC., | **PRAECIPE TO WITHDRAW APPEARANCE** |
|          Defendant, | |
| | Filed on behalf of  Plaintiff |
| | Counsel of Record for this Party: |
| | Emily E. Town, Esquire<br>Pa. I.D. No. 309881 |
| | Rothman Gordon, P.C.<br>Firm I.D. 010<br>310 Grant Street – Third Floor<br>Pittsburgh, PA  15219<br>(412) 338-1168 (telephone)<br>(412) 246-1768 (facsimile)<br>eetown@rothmangordon.com |

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| SHELIA RANSOM, | CIVIL ACTION |
| Plaintiff, | No.  GD-20-001361 |
| v. | |
| STERICYCLE, INC., | |
| Defendant, | |

## PRAECIPE TO WITHDRAW APPEARANCE

TO THE PROTHONOTARY:

Undersigned counsel respectfully requests this Court withdraw the appearance of John E. Black, III for the following reason:

1.     John E. Black, III left the law firm of Rothman Gordon, P.C. effective November 20, 2020.

2.     Plaintiff continues to be represented by Emily E. Town and the law firm of Rothman Gordon, P.C.

WHEREFORE, undersigned counsel respectfully requests this Court withdraw the appearance of John E. Black, III the above reasons.

ROTHMAN GORDON, P.C.

By:   Emily E. Town
          Emily E. Town, Esquire
          Pa. I.D. No. 309881

          Rothman Gordon, P.C.
          Firm I.D. 010
          310 Grant Street – Third Floor
          Pittsburgh, PA  15219
          (412) 338-1168 (telephone)
          (412) 246-1768 (facsimile)
          eetown@rothmangordon.com

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: _____Plaintiff_____

Signature: _/s/ Emily E. Town_____

Name: _____Emily E. Town_____

Attorney No.: _____309881_____

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Praecipe to Withdraw Appearance has been served upon the below counsel of record at the addresses set forth below via regular mail, this 15th day of January, 2021:

Gregory T. Sturges, Esquire
Adam R. Roseman, Esquire
Greenberg Traurig, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103

By: _____Emily E. Town_____
Emily E. Town

4831-1460-9878, v. 1